Arlington R. Gleckner, Esq. Town Attorney, Southport
You have asked whether a town comptroller or a town recreational employee who works with the town's youth may simultaneously serve as a county legislator.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
There are no statutory prohibitions against a county legislator's holding either of these positions. Section 411 of the County Law prohibits elected county officers from holding elective town offices except as provided otherwise under a plan of apportionment (Municipal Home Rule Law, § 10[1][ii][a][13][b]). The two positions you ask about are appointive.
We see no incompatibility in the case of the town comptroller. That officer is charged with a number of duties normally carried out by the town board or the town supervisor (Town Law, § 34). In counties which do not have a county legislature, the supervisor is a member of the county governing body. Counties that, either by charter or by an apportionment plan, have a legislative body may permit town supervisors or board members to be legislators. If one person may hold elective offices in both the county and town governing bodies, an appointed town comptroller with only some of the powers of the town board can hardly be in a position of conflict. Indeed, we can find no indication in the list of powers of a town comptroller that a conflict of interest question would ever arise.
There is even less question in the case of a recreational employee. We understand that municipalities receive grants from the State for youth programs and that these grant programs are by agreement between the State and the municipality. The State uses a county youth bureau to process the paperwork, but the county has no other connection with the local recreational programs. We see no likelihood that a town employee working with youth would have a conflict of interest arising in connection with a town contract with the State processed through the county youth bureau.
We conclude that a town comptroller or a town recreational employee working with youth may simultaneously serve as a county legislator.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.